Good morning, Your Honors. Marilyn Scheer, appearing pro se. May it please the Court. Yes, go ahead. The California Supreme Court is the only avenue that attorneys have for review of adverse state bar court agency action. My primary challenge here is to California Rule of Court 916B, originally adopted by the California Supreme Court in 1991 as Rule 954. It states, denial of a review of a decision of the state bar court is a final judicial determination on the merits and the recommendation of the state bar court will be filed as an order of the Supreme Court. Governmental bodies, including the California Supreme Court and the State Bar of California, are required to abide by the U.S. Constitution and the rule of law. We are a country of laws, not of men. We are governed by laws, not judicial fiat. The California Supreme Court created this problem of non-judicial review of state bar court agency action. Former Justices Kenner and Brown both clearly and vehemently pointed out the California Court's deficiencies in their Rose dissents, but their warnings were ignored. If our Constitution is to have any meaning, it cannot be disregarded for the mere convenience of the court. When doing so, deprives member attorneys of precious constitutional rights under the First and Fourteenth Amendments to the U.S. Constitution. In Keller v. State Bar of California, the U.S. Supreme Court recognized that additional burden or inconvenience is hardly sufficient to justify contravention of a constitutional mandate. So just to clarify, although there is discussion in your briefs of the California constitutional issues that were decided in Rose, my understanding is you're not raising those, and if you did, you would be banned by Rose. Is that right? No, Your Honor. You're raising a federal constitutional question. Yes, and I'm arguing that under the rule of law, there's established California law and California procedural protections, such as the California Constitution, Article VI, Section 2 and 14, requiring an oral hearing and a reasoned written decision, as well as California Business and Professions Code 6087, requiring review of state bar court action by the Supreme Court of California, that those are procedural protections which a state court cannot ignore without violating the Fourteenth Amendment right to due process. Those are state-created protections which the state court cannot ignore because that's due process of law under the Fourteenth Amendment. There's a long line of U.S. Supreme Court cases beginning with Arizona Grocery v. Atkinson, Topeka and Santa Fe Railroad that have upheld state procedural protections as part of the rule of law that a state court cannot permissibly ignore without violating the Fourteenth Amendment right to due process. But, Ms. Scheer, you had state procedural protections, didn't you? Didn't you get an opportunity to appeal to the California Supreme Court? What state procedural protections were they of which you were deprived? I had no access to the California Supreme Court. The California Supreme Court has not accepted an attorney's petition for review in almost 15 or 16 years. They routinely deny petitions for review. Petitions for review under their own operating practices and procedures are automatically put on the B list for automatic denial. And I would remind the court we're here on a motion to dismiss. And I would allege that no justice of the California Supreme Court even sees what's on the B list. It's handled by staff memorandum. In fact, as Justice Brown stated in her opinion or her dissent in Rose, all the California Supreme Court does is issue pro forma orders. They don't independently assess an attorney's petition. Is there a bright line rule there? Is there a certain number of petitions that they should accept before your attack on the structure becomes meritless? Well, I think they should accept every attorney petition for review, because it's the only real court that attorneys have in this system. The state bar court is not a real court. Federal procedural due process rules don't require that it be a court, as opposed to some hearing with procedures which you had. So I assume that that's why you were trying to hook this into the First Amendment, because if you don't hook it into, and we can talk about that, but if you don't hook it into something, if you just do it as a pure due process argument, you have two major problems. One of them is that the California Supreme Court has already definitively told us what California law is, and I don't know how we can ignore that. We can't. Our case law says we can't. And second of all, with regard to Matthews v. Eldridge and so on, it doesn't have to be a court. Is there anything wrong? Am I wrong about either of those things? Your Honor, I have the right to judicial review. An administrative agency is not a true court. But from what constitutional provision do you get that right? The First Amendment. All right. So that's why I say that ultimate – that's what I was trying to say, that your ultimate – that's why you tagged a First Amendment claim, and that seems to me is the only possibility here. So then the problem with that is do you have any case in which the First Amendment has required that courts – here are cases which – that the courts are required to – as opposed to not get in the way of access to courts when the courts would otherwise have authority to decide something. Well, Your Honor, I see my time is short, but I would also argue under the Equal Protection Clause, all other licensed attorneys in this – I mean, all other licensed professionals, all other licensed professionals in this state have access to a real court. Only attorneys are denied that opportunity under Rule 916. As Justice Brown said, attorneys are entitled to a hearing before a real court, an independent judiciary, not an administrative agency which is beholden to the state bar. The state bar court was created by the state bar, and the state bar court is paid by the state bar. The state bar is the prosecutor and moving party in all actions under the State Bar Act. And putting due process aside, I would say under equal protection, I have a very strong equal protection argument. Attorneys are not getting judicial review. What they're getting is a rubber stamp. So in order for us to accept your argument, then we still have to find that Rule 9.16 and the structure provided therein is more illusory than real. Is that right? Yes, Your Honor. Okay. All right. And I've alleged that in my motion – I mean, in my complaint. And as the courts, you know, you well know that everything I alleged in the complaint has to be true. And if you look at the Supreme Court's operating practices and procedures, attorney petitions for review go on the B list for automatic denial by staff memo alone. No court looks at them. It's a rubber stamp. Well, I see I've exhausted my time. Thank you very much. And we will have time for rebuttal. Thank you. Good morning. May it please the Court, Michael von Lohenfeldt of Kern Wagstaff for the appellees. Your Honors, Ms. Scheer did have judicial review by the California Supreme Court. The Court tells us in Ray Rose very clearly that it fully understands that it has to substantively review these petitions when it gets them and that it does so. This Court cannot presume just because Ms. Scheer alleges that the California Supreme Court violates its own rules that that's what it's doing. Is a petition, is this kind of a petition for review different than a petition for hearing from a, in the California system from a court of appeals? In other words, is this fully discretionary or is it a petition for review sort of like we have for immigration cases or administrative cases where it's a petition for review, but when we deny it, we are just signing the merits. I understand you say you're just signing the merits. Or the statute says it's a decision on the merits. But is it discretionary or not discretionary? Your Honor, in Ray Rose, the Supreme Court said that they do decide these on the merits. So the Court has discretion to grant it in the sense of ordering full briefing and having oral argument. That is certainly a discretionary activity. But the California Supreme Court reviews these decisions. And when it denies the petition for review, as it tells us in Ray Rose, that denial is a determination by the court on the merits of the petition. So I would say it's more analogous to your- Does it make any difference at all that Rose was about the discipline prong and this is about the arbitration enforcement prong? And I think the language is a little different. In the one instance, you have a recommendation to the California Supreme Court. In this, it's not exactly a recommendation to the California. The language isn't in terms of recommendation. Is that right? Well, that's correct, Your Honor. The Court addresses that in Footnote 7 of In Ray Rose, where they refer to the involuntary inactive proceedings, which also happen in traditional discipline cases. So it's not different. The fundamental question is, is the Supreme Court the only court that reviews these matters? And that's the question that the Court grappled with in Ray Rose. And because it is, these decisions are decisions on the merits. And this is exactly what In Ray Rose was about. I would also note, Your Honor, that there is no federal constitutional right to oral argument or to a reasoned written decision. Federal courts decide cases on a per curiam basis without stating the reasons all the time. They decide cases without oral argument all the time. But what if there were no – if it was only a discretionary review? And this seems kind of on the cusp. I mean, if the only thing you had was sort of a cert-like system. I'm saying that's not what this is. I am saying that, and that's what In Ray Rose says it's not. But more importantly – Yeah, but it slightly bothers me that Rose was not about this context. And there is a difference in the way the statutes are set up. But there's not a difference, Your Honor, with respect to the right of review as to what – how – Okay. But in one instance there's – so why is one a recommendation and the other one is a review of a decision? Because the involuntary inactive procedure was set up – this is discussed in the Conway case  The involuntary inactive procedure is set up for situations where the State Bar, acting as the Supreme Court's administrative arm, needs to suspend someone's license immediately, not wait until the process is over. And this situation, where there's a failure to pay a fee arbitration award, is one where the legislature has deemed that that process gets triggered. But there is still, as the Supreme Court of California said in both Conway and in Ray Rose, a right of immediate review by the California Supreme Court. And, in fact, in Conway, the court notes that – Mr. Van Loon, before you get to that, just clarify for me. No one disputes that it must be meaningful review. Is that right? That's correct, Your Honor. All right. Now, is what Ms. Scheer says true, that it's always sent to the B-list and the B-list is just death for those petitions? It is not, Your Honor. So there are two things that Ms. Scheer says about that that are not factually accurate if we're going to get into the business of looking at how the Supreme Court does its job. The first is that she's incorrect when she says the court has not taken any of these cases. The latest one that I'm aware of is in Ray Silverton, which was in 2005, where the court denied the attorney's petition but still took the case anyway to decide the issues and wrote a reasoned decision. But more importantly, Ms. Scheer doesn't – is misunderstanding the way the internal operating procedures work. It's a bit like the way this court uses a rating system when it gets appeals and assigns weights to them. The B-list simply means that there's a staff recommendation that it be denied. The operating procedures clearly state that all of those memos and the briefs are provided to all of the judges – or the justices, excuse me – and that it's only denied if at the conference no justice asks to discuss the case. So what's happening is staff is making a recommendation. The recommendation goes to all of the justices, and the justices can decide, getting the briefs and the recommendation, whether they think the case is worthy of more discussion or further briefing or whether they can decide it on that basis. That is no different than how most courts, appellate courts, handle triage of matters that come before them. And it is certainly not a constitutional violation, nor does it in any way reflect that the court is not taking its job seriously as it itself recognized in Rose and making substantive decisions on these cases. What about the equal protection argument? Your Honor, in – I think it's Lease v. Flint, the Supreme Court noted that since the founding of the Republic, licensing of lawyers has been left solely to the states. Licensing of lawyers is a judicial function. It's fundamentally different than licensing of other professionals by the executive branch. So when we're looking for the rational reason why lawyers are reviewed differently than doctors or plumbers or whoever else gets a license, some of those people are reviewed by the executive branch as a matter of professional statutory licensing, but that's not how lawyers work. Membership in the bar is a judicial function that's monitored and enforced by the California Supreme Court in its inherent and exclusive authority. So, you know, and that is true in every state in the union and has always been true. That's certainly not an equal protection violation. Thank you. The fact that it's different, though, isn't a complete explanation for why it is, at least with regard to judicial involvement, somewhat less vigorous. I mean, I gather that with regard to other licensing, there are California administrative mandamus available, which does or does not entail a more direct involvement by, and I understand it's not the California Supreme Court, but a more direct access to a judge as opposed to an administrative proceeding. Well, I would respectfully disagree, Your Honor. I was asking a question. I wasn't asserting anything. No, I'm sorry, Your Honor. I would disagree with the implication that the Supreme Court's review of these petitions is not direct judicial involvement. It clearly is. The lower courts are not involved because in California, the Supreme Court is the licensing authority, and the lower courts do not have jurisdiction to get involved in attorney disciplinary matters. So that is why review goes to the California Supreme Court after moving through the administrative process. This is described in some detail in the In Re Attorney Discipline System, where the court described, and also the O'Brien case cited in our briefs. But that, and again, this is not in any way unique. This is the way pretty much every state's bar works. Can I ask one other question? At one point, you asserted in your brief that she couldn't bring her facial charge now, her facial claim now because the statute was passed a long time ago. I must say that makes no sense to me. Do you want to explain what your argument is, or do you still want to argue it? I'm happy to explain that, Your Honor. I think if you look at the Action Apartments case. Yes, but that's about property. Well. In fact, that property, the claim there was that an acumen of the statute caused a diminution in the value of the property. So there were two claims in Action Apartments. Is there any non-property case in which that's come up? I believe in Action Apartments, the court says, this court says that the statute of limitations applies generally to all constitutional claims. Well, it says that in passing, but in context, in fact, I mean, it's – I can probably cite, you know, 25 cases in this court in which we've decided facial challenges to old statutes. Well, let me explain why in this context I think this is important and matters. This court cannot, under the Rooker-Feldman doctrine, reexamine her individual claim. Her suspension is not a subject that is properly before this court's jurisdiction, right, because the California Supreme Court decided that, and this is not an appellate court as to that court. So for her to be able to relabel her challenge a facial challenge but not actually talk about anything facial, to talk about her facts and circumstances, gets into the inextricably intertwined problem that we see in the Patman case where the court rejected a similar attempt. If it's really a facial challenge, Your Honor, it triggers at the time the statute is enacted because that is when the harm is apparent. But what if she's not born yet? Well, Your Honor, I don't believe that. Honestly, I don't know that that matters because she still has her facial challenge. This just isn't the right court to bring it. Her individual right to challenge the statute is a facial – excuse me. I'm sorry. I said her facial challenge. Her individual right to challenge the regulation goes to her as applied individual challenge. I know, but that has to do with the fact that this is a Rooker-Feldman context, but your argument would equally apply if there was never a state court proceeding, right? Well, it would as to the facial challenge, but she would still be able to bring – So you're arguing that people who aren't born yet, who haven't been injured yet, who don't have standing yet somehow are frozen out of a facial challenge. Is that possible? Your Honor, that is what Action Department seems to say to me. And I think that's the plain language of the decision, and that's certainly the way it works in all of these land-use cases. Honestly, in all of the land-use cases where there are – Yes, that's correct. In the land-use cases for a particular reason. Well, I don't know that it's for a particular reason, but in any event, I don't think in this case it matters because I think that we're dealing with well-established procedures where Ms. Scheer did get adequate judicial review. And so if the court wants to look at the merits of those decisions, despite what I think is a statute of limitations issue, and despite the fact that Ms. Scheer cannot even describe her claim without discussing her own facts. It's inextricably intertwined – my tongue twisted this morning – with her individual claim. And so under the Rooker-Feldman Doctrine, she still can't bring that claim. She has already made these arguments to the California Supreme Court and lost. But certainly, if Your Honors want to reach the merits, you know, we – California's procedures are fully compliant. I mean, presumably a statute of limitations issue is logically prior and it wouldn't make any sense to be reaching the merits if it were really precluded. But your time is up. It is. I just wanted to check if you hadn't brought that. I was hoping you were going to walk away from the argument. All right. Thank you very much. Thank you, Your Honors. Attorneys do not check their constitutional rights at the door when they become members of the State Bar. And this includes the right to judicial review. Your Honor, I ask the question whether the Supreme Court's review of attorney petitions for review is discretionary. Absolutely, it's discretionary. And I would say that only the Supreme Court— Why are you saying that? What evidence do you have that it's discretionary? 9.16a. California rule of court 9.16a makes it discretionary. What does it say? It gives four criteria to see if the court will consider an attorney's petition for review. Basically, it has to be something of statewide significance. And Justice Brown argued this in her dissent in Rose. If you don't happen to fall within one of those four parameters, then you're out of luck. And under the Supreme Court's operating practices and procedures, which were distorted by counsel, and I would assert that if you look at those carefully, attorney petitions go straight to the B list. I haven't had any review. But here's the problem with that. The cases on the B list are scheduled for conference and are provided to the justices for review before conference. So you structurally have in place a procedure that would protect your rights. I am concerned about the fact that I think maybe there have been one or two cases in the last 15 years. But still, I don't know what more you would expect us to do. Should we order them to, you know, spend X amount of time on them? How do we satisfy that? The rule is in place. The petitions are provided to the justices for conference. And I believe that they, you know, review them in conference. That is not what Justice Brown says in her dissent in Rose. They say we no longer consider these. That's a factual statement of a justice of the Supreme Court. And she said that very clearly. We issue pro forma orders. We have to do the recommendation of the state bar court. And that, Your Honor, brought out the distinction. In this case, which is a proceeding up the administrative ladder, there was no action taken by the California Supreme Court before I was suspended. I was suspended on the basis of agency action alone. Judge Ramke's order of May 1st, well, her order of April 19th, 2013, which made my suspension effective May 1st, 2013, there was no further action required by the Supreme Court. Yet the Supreme Court is supposed to have exclusive jurisdiction over attorney petitions for review. Exclusive jurisdiction and discretionary jurisdiction are mutually exclusive concepts. You cannot have them. When the California Supreme Court is the only court, the only court available for attorneys, what makes attorneys different than other professionals? Is the state bar court infallible? Is that agency infallible that I do not get review by another court? Under the state bar's operating practices and procedures, I do not receive review. I get review by a staff memo under the very timetables. In my petition for review of this administrative case, my case was denied 11 court days after I filed my petition for review. That would be a court operating in record time. And they just don't. Justice Brown says that in her dissent in Rose. And if you look at the operating practices and procedures, it goes straight to the B memo and to the B list. Okay. We're having to use up your time, so thank you very much. Okay. Thank you, Your Honor. Scheer v. Kelly is submitted, and we will go to Scheer v. State Bar of California.
judges: Berzon, Owens, Marbley